UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANCISCA PEREZ, | Civil Action No. 12-7839 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| ELIZABETH POLICE DEPARTMENT et al., | |
| Defendants. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Herec Colon, Elizabeth Police Department, Christopher Flatley, James Malone, Officer Pevonis, and Lawrence Smith (collectively, "Defendants.") For the reasons stated below, the motion will be granted.

This case arises from a civil rights dispute. The Complaint alleges that, on October 13, 2010, officers of the Elizabeth Police Department searched Plaintiff's apartment. The Complaint asserts claims for violation of Plaintiff's federal constitutional rights, pursuant to 42 U.S.C. § 1983, during that search, as well as claims over false and defamatory statements made about Plaintiff in connection with a subsequent forfeiture proceeding.

Defendants move to dismiss the Complaint on two grounds: 1) the statute of limitation has run on Plaintiff's § 1983 claims; and 2) the claims related to the forfeiture are barred by *res judicata*.

As to the statute of limitations argument, the first matter is the determination of the relevant statute of limitation. Under Third Circuit law, "a section 1983 claim arising in New Jersey has a two-year statute of limitations." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).

"A statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint." Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006). The Complaint alleges that Defendants entered Plaintiff's apartment on October 13, 2010. The Complaint was filed on December 26, 2012. Facts sufficient to establish that the two-year statute of limitations has run on the § 1983 claims do appear on the face of the Complaint. Defendants' motion to dismiss the § 1983 claims will be granted, and these claims in the Complaint against them will be dismissed with prejudice.

Defendants next argue that "Plaintiff's claim for wrongful forfeiture is barred by the doctrine of res judicata." (Defs.' Br. 4.) Defendants appear to read the Complaint to contain a claim seeking to relitigate a civil forfeiture proceeding. Defendants have misread the Complaint. In a nutshell, the Complaint complains of two things: 1) Defendants violated Plaintiff's rights during their search of her apartment on October 13, 2010; and 2) Defendants subsequently, on an unspecified date, submitted false and defamatory statements about Plaintiff in connection with a forfeiture process. As discussed, the claims involving actions on October 13, 2010 are barred by the statute of limitations. The Complaint does not seek to relitigate the civil forfeiture action and so this Court need not consider whether such relitigation is legally permissible.

In their reply brief, Defendants recognize that the second thrust of the Complaint is the matter of the false and defamatory statements made about Plaintiff in connection with the civil

forfeiture. Defendants argue that the statute of limitations bars any such claims because, pursuant to N.J.S.A. § 2A:14-3, actions for libel and slander in New Jersey must be brought within one year after publication. The Complaint states that Plaintiff received notice of the false statements by January 12, 2011, and so the latest date on which the allegedly false statements were published is January 12, 2011. Defendants contend that the one-year statute of limitations thus ran by January 12, 2012 and had lapsed by the time Plaintiff filed the Complaint at the end of 2012.

Although this argument is newly made in the reply brief, Plaintiff submitted three separate sur-replies and so has had the opportunity to respond to the argument. In the sur-reply filed July 24, 2013, Plaintiff concedes that, as to the alleged false statements, the statute of limitations started to run in January of 2011. Plaintiff argues, incorrectly, that the limitation period had not expired before she filed her Complaint on December 26, 2012. As Defendants contend, the one-year period for actions premised on libel or slander had run. Plaintiff's claims of injury due to false and defamatory statements are barred and will be dismissed with prejudice.

Defendants have moved to dismiss the Complaint on the ground that the claims are barred by the various statutes of limitation. This Court finds that this is apparent from the face of the Complaint. The motion to dismiss will be granted, and the Complaint will be dismissed with prejudice.

                                                      s/ Stanley R. Chesler
                                                      STANLEY R. CHESLER, U.S.D.J.

Dated: August 14, 2013