<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCISCA PEREZ, | |
| Plaintiff, | Civil Action No. 12-7839 (SRC) |
| v. | **OPINION** |
| ELIZABETH POLICE DEPARTMENT et al., | |
| Defendants. | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before this Court on the motion to vacate judgment, pursuant to Federal Rule of Civil Procedure 60, by Plaintiff Francisca Perez. For the reasons stated below, the motion will be denied.

This case arises from a civil rights complaint. On August 14, 2013, this Court granted Defendants' motion to dismiss the Complaint and dismissed the Complaint with prejudice (the "Dismissal Judgment.") On September 9, 2013, Plaintiff timely filed a notice of appeal of the Dismissal Judgment to the United States Court of Appeals for the Third Circuit. On November 27, 2013, the Third Circuit dismissed this appeal for failure to prosecute. On January 6, 2014, Plaintiff filed the instant motion to vacate judgment. Before this Court ruled on this motion, on March 27, 2014, Plaintiff filed a second notice of appeal to the Third Circuit of the Dismissal Judgment.

On December 8, 2015, the Third Circuit issued an Order inviting this Court to respond to a petition for a writ of mandamus filed by Plaintiff, concerning Plaintiff's motion to vacate judgment, pursuant to Federal Rule of Civil Procedure 60(b), filed January 6, 2014. This Court

filed a response stating that, pursuant to United States v. Georgiou, 777 F.3d 125, 145 (3d Cir. 2015), this Court lacked jurisdiction to consider Plaintiff's motion to vacate during the pendency of an appeal to the Third Circuit.

On November 22, 2016, this Court received an electronic notification through the ECF system that the Third Circuit had issued an Order in this case. The Third Circuit's Order granted Plaintiff's petition for mandamus and Ordered this Court to decide Plaintiff's Rule 60 motion within 30 days of the date of the Order. The Third Circuit stated that it had dismissed Plaintiff's appeal of March 27, 2014 in July of 2014, and that "there appears to be no impediment to adjudication of the Rule 60 motion."[1] In re: Francisca Perez, C.A. No. 15-3378 (3d Cir. filed November 22, 2016).

Plaintiff moves to vacate the Dismissal Judgment on this ground: "District Court erred in dismissing plaintiff's complaint without first given plaintiff notice that prior scheduling order had been vacated denied plaintiff's her due process rights to a hearing before vacating prior scheduling order. [sic]" (Pl.'s Br. at 5.)

Federal Rule of Civil Procedure 60(b) states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;

---

[1] In the Order, the Third Circuit noted a dissent from Judge Barry on the ground that the Third Circuit's dismissal of the March 27, 2014 appeal was not recorded on the District Court's docket. (Id. at n. 1.) The majority Opinion also noted that the District Court "may not have been aware of our dismissal as it is not noted on the District Court docket."

2

>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Plaintiff's brief does not state which prong of Rule 60(b) she relies on, and this Court considers the motion pursuant to Rule 60(b)(6).

Plaintiff's brief refers to a "scheduling order" issued by Magistrate Judge Waldor. The docket reflects that Judge Waldor issued the following orders in this case:

1.  On April 12, 2013, a text order setting the Rule 16 conference for May 14, 2013 (Docket Entry No. 9);

2.  On April 16, 2013, a letter order adjourning the Rule 16 conference to July 8, 2013 (Docket Entry No. 11);

3.  On July 3, 2013, an order denying Defendant's request to adjourn the Rule 16 conference (Docket Entry No. 19);

4.  On July 8, 2013, a text order rescheduling the Rule 16 conference to September 23, 2013 (Docket Entry No. 20).

This is the complete list of orders issued by Magistrate Judge Waldor in this case. All the orders issued by Magistrate Judge Waldor deal with the scheduling of the Rule 16 conference.

On April 11, 2013, Defendants filed a motion to dismiss the Complaint. On April 29, 2013, Plaintiff filed a brief in opposition to the motion. On May 7, 2013, Defendants filed a reply brief. On August 14, 2013, this Court issued an Opinion as well as an Order, dismissing the Complaint with prejudice.

Plaintiff appears to argue that her right to due process of law has been violated because of a failure to give her notice of one or more changes to the date of the Rule 16 conference. Plaintiff does not explain how this relates to the Dismissal Judgment. As regards the Dismissal Judgment, Plaintiff was entitled to receive notice of the motion to dismiss the Complaint, and it

3

is clear that she did receive that notice, as she timely filed a brief in opposition to the motion. Plaintiff has not pointed to any other notice that she was due, and this Court does not discern any failure to provide her with notice that would have influenced the Dismissal Judgment. Even if Plaintiff is entirely correct in her assertion that she was not notified of a change to the date of the Rule 16 conference, this had no connection to this Court's decision to grant Defendants' motion to dismiss the Complaint. Rule 61 states:

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Rule 61 – which specifically applies to motions to vacate a judgment – requires this Court to disregard any error that does not affect a party's substantial rights. Plaintiff has not persuaded this Court that any failure of notice regarding the date of the Rule 16 conference affected her substantial rights. The motion to vacate is denied.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: November 30, 2016